661 A.2d 1

UNITED VALLEY BANK, Appellee,

v.

Steven WOLK and Jeanne Wolk, University Cadillac, Inc.,

Appeal of Steven WOLK and Jeanne Wolk, Appellants.

UNITED VALLEY BANK, Appellee,

v.

Donald WOLK, Intermet Realty Partnership

Appeal of Donald WOLK, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 31, 1995.

Filed May 16, 1995.

Reargument Denied July 28, 1995.

---

Michael R. Needle, Philadelphia, for Wolk, appellants.

James J. Rodgers, Philadelphia, for United Valley Bank, appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

Appellants, Steven Wolk and Jeanne Wolk and Appellant Donald Wolk file two separate appeals from the trial court's Orders dated June 1, 1994 which denied their Petitions to Open Confessed Judgment entered on June 11, 1991. The trial court summarized the facts underlying these appeals as follows:

> Appellant, Steven Wolk was the President of Lease–A–Fleet, Inc., (LAF), a Pennsylvania corporation engaged in the business of leasing fleets of automobiles to daily rental car operators. LAF obtained much of its rental inventory from Morse Operations, Inc., (MOI), a Florida corporation which owns numerous automobile dealerships.
>
> In December of 1989, United Valley Bank (UVB) lent $600,000.00 to LAF. Pursuant to the written loan agreement, LAF entered into a security agreement with UVB, which granted UVB a first lien on LAF"s accounts receivable and other intangibles. In addition, Steven and Jeanne Wolk executed a written guaranty of the loan which included a warrant of attorney to confess judgment against them.
>
> On May 30, 1991, LAF filed a petition for Chapter 11 Bankruptcy in the United States District Court for the Eastern District of Pennsylvania and on June 11, 1991, UVB confessed judgment against Steven and Jeanne Wolk for the above mentioned $600,000.00 loan, plus interest and attorney's fees. While LAF continued in business, it deposited $842,939.32 received from customers, in Meridian Bank and UVB accounts. By bankruptcy court order, it was determined that these customers' funds were subject to the above mentioned first lien which LAF had granted to UVB.
>
> On May 15, 1992, University Cadillac, Inc., a Florida corporation and an affiliate of MOI, entered into a purchase agreement with UVB, whereby UVB assigned its rights

under the subject loan to University Cadillac, which purchased the loan with MOI's funds.

On July 22, 1993, the bankruptcy court dismissed LAF's bankruptcy (but this dismissal was later stayed) and on the same day, University Cadillac confessed judgement against LAF for the loan that it had purchased from UVB, and for interest and attorney's fees. Also on that same day, University Cadillac obtained a writ of execution to garnish LAF's customers' funds being held in UVB accounts and elsewhere. Still on July 22, 1993, MOI obtained a judgment against LAF for money purportedly owed it by LAF and obtained a writ of execution to garnish the same above mentioned customers' funds.

In August of 1993, UVB and Meridian paid over to University Cadillac, the said customers' funds which were subject to the first lien on LAF's accounts receivable, which UVB had assigned to University Cadillac. The funds totalled $749,-176.65.

In March, 1994, University Cadillac began execution proceedings on their subject confessed judgment against Steven Wolk's interest in certain real property.[1] A sheriff's sale was scheduled for June 3, 1994. Appellant's appeared in this Court on an emergency basis on June 2, 1994, where they sought to open or strike University Cadillac's judgment against LAF.

[Footnote] 1: Of the $749,176.65 that University Cadillac received from LAF's garnished bank accounts $212,295.58 was applied to LAF's debt secured by Appellant's guarantees. The balance was applied toward the above mentioned debt LAF owed to MOI.

Trial Court Opinion filed July 18, 1994 at pages 1–3.

Pennsylvania Rule of Civil Procedure 2959 outlines the procedure to be followed in petitioning the trial court to open or strike a confessed judgment. It reads, in pertinent part, as follows:

Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

(a) Relief from a judgment by confession shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to him to enforce the judgment.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule rule or special order.

(c) A party waives all defenses and objections which he does not include in his petition or answer.

\*　　\*　　\*　　\*　　\*　　\*

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

Pa.R.C.P. No. 2959, 42 Pa.C.S.A.

The petitions at issue in the present case are the third attempts by Appellants to either Strike or Open the confessed judgments that were entered against them on June 11, 1991. Appellants' prior petitions were denied by Orders filed on January 29, 1993 and February 4, 1993. As the trial court correctly held, "[t]he appellants should not be allowed a third opportunity and their appeal should be denied on this basis."

Absent the fraudulent concealment of a matter that should have been raised in a party's initial petition to Open or Strike a confessed judgment, Rule 2959 clearly states that "[a]ll grounds for relief, whether to strike off the judgment or open it, must be asserted in a single petition". Pa.R.C.P. No. 2959(a), 42 Pa.C.S.A. Appellants have ignored this limitation by filing successive petitions. This is in clear violation of Rule 2959 and, therefore, we affirm the trial court's Order denying their petitions.

Order affirmed.